■ In the Matter of the Claim of CHARLES MOHR, Respondent, against JULIUS D. BRAASCH, INC., et al., Appellants, and JULIUS D. BRAASCH, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— It is uncontroverted that claimant sustained two compensable accidents — one on May 18, 1951 when the appellant carrier was on the risk, and the other on August 31, 1955 when the respondent carrier was on the risk. The board has found that claimant's disability, consisting of back injuries following the last accident in 1955, was due equally to the first accident and the second accident, and has charged appellants with 50% of the award. Appellants' first contention is that there is no substantial evidence to support a finding that claimant's disability after the second accident is 50% causally related to the first accident. In the first accident claimant was crushed in the region of the pelvis when he was pinned between a truck and a wall. There is evidence that his back was injured, but no award was made therefor because it was not disabling. The only award made as a result of the first accident was a schedule award for a 20% loss of use of the right leg. There is evidence by way of claimant's testimony and medical reports that claimant suffered back aches and pains following the first accident and during the interval between the two accidents. Three doctors testified that claimant's back condition and disability subsequent to the second accident was attributable to both accidents. There is medical testimony that the first accident was the predisposing cause and the second the producing cause of claimant's disability. The record clearly presents a question of fact and is adequate to satisfy the substantial evidence rule. The appellant carrier also contends that since it paid compensation for a 20% loss of use of the right leg following the first accident it is entitled to credit for that payment on the award now upon appeal. The record clearly shows that the present award is for back injury, and it is equally clear that the previous award was solely for a fracture and a shortening of the leg.

It not only appears that the awards are for separate and distinct disabilities but the award following the first accident was expressly limited to a " 20 per cent loss of right leg ", and was for a total of 57.6 weeks. Subdivision 3 of section 15 of the Workmen's Compensation Law provides for schedule awards and fixes 288 weeks as compensation for the loss of a leg. Twenty percent of 288 weeks is precisely 57.6 weeks, which was the award made and mathematically demonstrates that no award was made for any other disability. Consequently the board was correct in refusing to allow credit to appellant for the compensation it had paid for the 20% schedule loss of a leg. Decision and award unanimously affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and the respondent carrier against appellant. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.